UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE IXIA SHAREHOLDER DERIVATIVE LITIGATION | ) Case No. <br> ) CV 14-3468-DMG (SHx) <br> ) <br> ) ORDER PRELIMINARILY <br> ) APPROVING SETTLEMENT AND <br> ) PROVIDING FOR NOTICE <br> ) <br> ) <br> ) |
| This Document Relates To: | |
| ALL ACTIONS. | |

WHEREAS, the Parties to the above-captioned consolidated shareholder derivative action (the "Action") have made an application for an order: (i) preliminarily approving the Settlement of the Action, in accordance with the Stipulation and Agreement of Settlement dated November 17, 2015 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the Action with prejudice, upon the terms and conditions set forth therein; and (ii) approving the form and content of the Notice to Current Ixia Shareholders (the "Notice") for posting on the website of Ixia, for filing by Ixia with the Securities and Exchange Commission ("SEC") via a Current Report on Form 8-K, and for publishing of the Notice to Current Ixia Shareholders in *Investor's Business Daily*;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2. The Settlement Hearing shall be held before the Court on May 27, 2016 at 10:00 a.m. to determine: (i) whether the terms and conditions of the Settlement set forth in the Stipulation are fair, reasonable, and adequate to Ixia and Current Ixia Shareholders and should be finally approved by the Court; (ii) whether a Final Order and Judgment approving the Settlement, as provided for in paragraph 1.13 of the Stipulation and attached thereto as Exhibit D, should be

1  entered; and (iii) whether Plaintiffs' Counsel's Fee Award should be finally
2  approved.

3      3.    Subject to certain modifications communicated to the parties at the
4  hearing, the Court approves, as to form and content, the Notice, attached as Exhibit
5  B-1 to the Stipulation, and the Summary Notice attached as Exhibit B-2 to the
6  Stipulation and finds that the posting of the Notice and Summary Notice,
7  substantially in the manner and form set forth in this Order, meets the requirements
8  of due process, and is the best notice practicable under the circumstances,
9  constituting due and sufficient notice to all Persons entitled thereto.

10     4.    Within ten (10) business days following entry of this Order, Ixia shall
11 cause a copy of the Notice, substantially in the form attached to the Stipulation as
12 Exhibit B-1, to be posted on the Investor Relations portion of its website.

13     5.    Within ten (10) business days following entry of this Order, Ixia shall
14 cause a copy of the Notice to be filed with the SEC via a Current Report on Form
15 8-K.

16     6.    Within ten (10) business days following entry of this Order, Ixia shall
17 cause a copy of the Summary Notice, substantially in the form attached to the
18 Stipulation as Exhibit B-2, to be published one time in the *Investor's Business*
19 *Daily*.

20     7.    All papers in support of the Settlement and the Fee Award shall be
21 filed with the Court and served at least twenty-eight (28) days prior to the
22 Settlement Hearing and any reply papers shall be filed with the Court at least seven
23 (7) days prior to the Settlement Hearing. Plaintiffs' counsel shall file their motion
24 for attorneys' fees at least two weeks before shareholders' deadline for filing of
25 comments and shall make the motions accessible to shareholders through Ixia's
26 website.

27
28

8. Any Current Ixia Shareholder may object and/or appear and show cause, if he, she, or it has any concern, why the Settlement should not be finally approved as fair, reasonable, and adequate, or why the Final Order and Judgment should not be entered thereon, or why the Fee Award should not be finally approved, provided, however, unless otherwise ordered by the Court, no Current Ixia Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Final Order and Judgment to be entered thereon approving the same, or the Fee Award, unless that shareholder has, ***at least fourteen (14) business days prior to the Settlement Hearing***: (1) a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of Ixia common stock through the date of the Settlement Hearing, including the number of shares of Ixia common stock and the date of purchase; and (c) any documentation in support of such objection; and (2) if a Current Ixia Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony. If a Current Ixia Shareholder wishes to submit a written objection and/or written notice of intent to appear, such shareholder must serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs (either by hand delivery or by first class mail) upon each of the following:

//

| | |
|---|---|
| Robert B. Weiser<br>THE WEISER LAW FIRM, P.C.<br>22 Cassatt Avenue,<br>First Floor<br>Berwyn, PA 19312 | Sheldon Eisenberg<br>DRINKER BIDDLE & REATH<br>1800 Century Park East,<br>Suite 1500<br>Los Angeles, CA 90067 |
| Eric L. Zagar<br>KESSLER TOPAZ MELTZER &<br>CHECK, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087 | *Counsel for Individual Defendants Atul Bhatnagar, Thomas B. Miller, Errol Ginsberg, Jonathan Fram, Laurent Asscher, Gail Hamilton, Jon F. Rager, Alan Grahame, Raymond de Graaf, Walker H. Colston II and Ronald W. Buckly* |
| *Co-Lead Counsel for the Plaintiffs* | |
| Eric Rieder<br>BRYAN CAVE LLP<br>1290 Avenue of the Americas, 35th Floor<br>New York, NY 10104 | Christopher G. Caldwell<br>CALDWELL LESLIE<br>& PROCTOR, P.C.<br>725 South Figueroa Street, 31st Floor<br>Los Angeles, CA 90017 |
| *Counsel for Nominal Defendant Ixia* | *Counsel for Individual Defendant Victor Alston* |

9. Plaintiffs' lead counsel shall be responsible for ensuring that copies of all Ixia shareholder submissions are provided to the Court in conjunction with their motion for final approval. Any Current Ixia Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the Fee Award as incorporated in the Stipulation, unless otherwise ordered by the Court, but shall otherwise be bound by the Final Order and Judgment to be entered and the releases to be given.

10. All Current Ixia Shareholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Ixia Shareholders.

11. Pending final determination of whether the Settlement should be approved, no Current Ixia Shareholder, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Individual Defendants or Ixia, or derivatively on behalf of Ixia, any action or proceeding in any court or tribunal asserting any of Plaintiffs' Released Claims.

12. Neither the Stipulation (including any exhibits attached thereto) nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, the validity of any of Plaintiffs' Released Claims, or of any fault, wrongdoing or liability of the Individual Defendants or Ixia, or the validity of Plaintiffs' Released Claims; or (b) is intended to be offered or received as evidence or used by any other Person in any other action or proceedings, whether civil, criminal, or administrative agency, or other tribunal. The Parties, Plaintiffs' Counsel, Defendants' Counsel, Defendants' Released Persons and Plaintiffs' Released Persons may file the Stipulation and/or the Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current Ixia Shareholders, and retains jurisdiction to consider all further applications

1 arising out of or connected with the Settlement.  The Court may approve the
2 Settlement and any of its terms, with such modifications as may be agreed to by
3 the Parties, if appropriate, without further notice to Current Ixia Shareholders.

**IT IS SO ORDERED.**

DATED:  February 26, 2016

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE